Maggi v U.S. Bank Trust, N.A.

2026 NY Slip Op 03156

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Hallie S. Maggi, et al., appellants,

v

U.S. Bank Trust, N.A., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-08462, (Index No. 602384/19)

Francesca E. Connolly, J.P.

Paul Wooten

Lourdes M. Ventura

Phillip Hom, JJ.

Justin F. Pane, P.C., Bohemia, NY, for appellants.

Day Pitney LLP, New York, NY (Catherine E. Welker, Alfred W. J. Marks, and Michael J. Fitzpatrick of counsel), for respondent.

[*1]

DECISION & ORDER

In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated May 29, 2024. The order denied the plaintiffs' motion for summary judgment on the complaint.

ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the complaint is granted.

In May 2010, the defendant's predecessor in interest, Everhome Mortgage Company (hereinafter Everhome), commenced an action against the plaintiffs, among others, to foreclose a mortgage encumbering certain residential property located in Hauppauge (hereinafter the first action). The first action was voluntarily discontinued. In August 2010, Everhome commenced a second action against, among others, the plaintiffs to foreclose the mortgage (hereinafter the second action). By order entered December 9, 2013, dismissal of the second action was directed, in effect, pursuant to CPLR 3216.

In February 2019, the plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, alleging that the statute of limitations had expired. In March 2024, the plaintiffs moved for summary judgment on the complaint. The defendant opposed the motion, arguing that the voluntary discontinuance of the first action and de-acceleration notices purportedly sent by the loan servicer of its predecessor in interest reset the statute of limitations and that the retroactive application of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) would violate the Due Process, Contract, and Takings Clauses of the United States Constitution. In an order dated May 29, 2024, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.

RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 930-931 [internal quotation marks omitted]). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Medina v New York Mellon Trust Co., N.A., 240 AD3d 879, 881; Kashipour v Wilmington Sav. Fund Socy., FSB, [*2]144 AD3d 985, 986). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "'An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950, quoting Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).

Here, the plaintiffs established, prima facie, that the mortgage debt was accelerated in May 2010, when Everhome commenced the first action and elected in the complaint to call due the entire amount secured by the mortgage (see Nuruzzaman v Deutsche Bank Natl. Trust Co., 241 AD3d 1354). Accordingly, the statute of limitations began to run in 2010 and expired prior to the commencement of this action in 2019 (see CPLR 213[4]; Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d at 931).

In opposition, the defendant failed to raise a triable issue of fact. Under FAPA, the voluntary discontinuance of the first action did not "waive, postpone, cancel, toll, extend, revive or reset the limitations period" (CPLR 3217[e]). Moreover, contrary to the defendant's contention, letters purporting to de-accelerate the mortgage debt did not serve to reset the statute of limitations (see CPLR 203[h]; MTGLQ Invs., L.P. v Rodgers, 239 AD3d 968, 970; Citimortgage, Inc. v Gunn, 234 AD3d 922, 923-924). The defendant's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042-1044).

Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the complaint.

CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court